## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE L. CONCEPCION,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVL ACTION NO. 21-CV-1060 |
| | : | |
| KYLE A. RUSSELL, *et al.*,<br>    Defendants. | : | |

### MEMORANDUM

**BAYLSON, J.**                                                                                          **MARCH 18, 2021**

Plaintiff Jorge L. Concepcion, a prisoner incarcerated at the Lehigh County Jail ("LCJ") filed this civil action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of his conditions of confinement. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Concepcion leave to proceed *in forma pauperis* and dismiss the Complaint in its entirety for failure to state a claim, pursuant to 28 U.S.C § 1915(e)(2)(B)(ii), with leave to amend.

**I.    FACTUAL ALLEGATIONS**[1]

The Complaint names as Defendants several officials and employees of the LCJ: (1) Warden Kyle A. Russell; (2) Doug Mette, identified as a Case Manager Supervisor; (3) Mike Salter, identified as a Grievance Coordinator; (4) Jose Huezo, identified as a Case Manager; (5) Bob Doe; (6) Michelle Ramos; and (7) Sgt. Kowol.[2] (ECF No. 2 at 2.)[3] Concepcion raises a

---

[1] The facts set forth in this Memorandum are taken from Concepcion's Complaint and attached exhibits.

[2] This Defendant is referred to in the Complaint as both Sgt. Kowol and Sgt. Kowal.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

host of generalized complaints about the conditions in which he was held and primarily complains that his grievances about these conditions were denied. It appears that Concepcion was a pretrial detainee at the time of relevant events. *See Commonwealth v. Concepcion*, CP-39-CR-0003331-2020 (C.P. Lehigh); *see also Concepcion v. Russell*, Civ. A. No. 21-0274, 2021 WL 826301, at *3 n.7 (E.D. Pa. Mar. 4, 2021).

Concepcion alleges that Warden Russell acted "in concert with the grievance coordinator and his staff" to improperly deny Concepcion's grievances based on technicalities, such as an absence of sufficient facts or failure to file in a timely manner. (ECF No. 2 at 5.) He also suggests that the denial of grievances was motivated by "retaliation as a result of previous grievances or [a] civil complaint" he filed. (*Id.*) Concepcion avers that he has been "subjected to unjustified disciplinary charges and confined to [his] cell for 3 days without a shower or communication with [his] loved ones." (*Id.*) He also alleges that he was "deliberately exposed to COVID-19" when another inmate who had been in quarantine for a month was put in a cell with him.[4] (*Id.*)

Concepcion alleges that Defendants Mette, Huezo, and Salter acted in concert with other staff to improperly deny his grievances and to respond to those grievances with "false and misleading information." (*Id.* at 6.) He also generally alleges that they violated his "right to be free from retaliation and [his] right to file grievances and or [access] to the courts." (*Id.*) Concepcion adds that on one occasion, Huezo called Concepcion into his office to ask about a

---

[4] Warden Russell's response to one of Concepcion's grievances, which is attached as an exhibit to the Complaint, indicates that Concepcion tested positive for COVID on December 14, 2020 and that he was housed with other COVID positive people until he recovered. (ECF No. 2-1 at 7.) Another response indicates that at some point an inmate testing negative was moved into Concepcion's cell. (*Id.* at 17.)

grievance, and Concepcion responded that he "didn't have to give [Huezo] an explanation out of fear that he would tell the grievant about [the] complaint." (*Id.* at 7.) Concepcion asked Huezo for a "1983 application," which it appears Huezo provided to Concepcion, although Concepcion suggests Huezo intended for him to "mail it els[e]where."[5] (*Id.*) It is not clear what Concepcion means by this allegation.

Concepcion alleges that on November 12th he handed a "1983 complaint" to Defendant Bob Doe to make copies for Concepcion to submit to the federal court and for the defendants named in the case. (*Id.*) Defendant Doe allegedly kept Concepcion's legal work over the weekend and told the Monday shift worker to return the paperwork to Concepcion with the message that Doe was not going to make copies to help Concepcion sue the jail. (*Id.*) Concepcion does not identify the claims he sought to pursue, but the Court takes judicial notice of the fact that he filed a lawsuit before he initiated this case, received on January 8, 2021 and docketed as *Concepcion v. Russell*, Civ. A. No. 21-274 (E.D. Pa.), which sued several employees and officials of the Lehigh County Jail based on alleged deliberate indifference to his medical needs.

Concepcion alleges that Defendant Ramos "intentionally and deliberately had [him] miss a scheduled video/teleconference with the State of New York" that was scheduled for January 22, 2021. (*Id.* at 8.) Concepcion informed other prison officials about his court date, but Ramos allegedly either ignored those prison officials or told them that the hearing was not scheduled for

---

[5] A response to one of Concepcion's grievances attached as an exhibit to the Complaint indicates that Defendant Ramos provided Concepcion with a "1983 petition" and two grievance forms in response to his request. (ECF No. 2-1 at 8.) It is not clear whether this request for forms relates to Concepcion's request to Defendant Huezo, or whether Concepcion simply requested more forms on a different occasion.

that date. (*Id.*) Concepcion alleges that the New York court denied his motion as a result. (*Id.*). He describes Ramos's conduct as retaliation and denial of access to the courts.[6] (*Id.*)

Concepcion alleges that Defendant Sgt Kowol "violated [his] right to be free from retaliation by having Officer Keiser [who is not named as a Defendant] write false information on a disciplinary report which resulted with [Concepcion] in confinement." (*Id.* at 9.) Concepcion does not describe the disciplinary infraction with which he was charged but notes that the Lieutenant conducting a hearing regarding the matter "found that [his] statement was true." (*Id.*)  In connection with these events, it appears that Concepcion was prohibited from showering or making phone calls for three days. (*Id.*)  When Concepcion returned to the general population, sneakers that were "confiscated" by Sgt Kowol "came up missing." (*Id.*)

Concepcion attached to his Complaint copies of grievances he filed and responses to those grievances. (ECF No. 2-1 at 1-20.)  Some of those grievances appear to be carbon copies of his submissions and are not entirely legible.  Concepcion seeks damages and an injunction to prevent future retaliation. (ECF No. 2 at 5.)

## II.     STANDARD OF REVIEW

The Court grants Concepcion leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[7]  Accordingly, 28 U.S.C. §

---

[6] A response to one of Concepcion's grievances, which is attached as an exhibit to the Complaint, reflects the Warden's response that Ramos tried to assist Concepcion the day after he missed the hearing, and that after Concepcion "unsuccessfully attempted to contact the New York Court via the case manager's telephone, [he] refused further assistance from the case manager to make further attempts to contact the New York Court at a later time." (ECF No. 2-1 at 9.)

[7] However, as Concepcion is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court must "accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff," but disregard "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" in determining whether a plaintiff has stated a claim. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) (quotations omitted). In other words, conclusory allegations do not suffice to state a claim. *Iqbal*, 556 U.S. at 678. As Concepcion is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Importantly, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). For the following reasons, Concepcion has not alleged a plausible basis for a claim against the Defendants.

#### A.   Claims Based on Grievances

Many of Concepcion's allegations appear to assert claims based on certain Defendants' alleged mishandling his grievances or their allegedly false or improper responses to his

grievances. To the extent Concepcion intended to pursue any constitutional claims based on grievances or the grievance process, these claims fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). In other words, the alleged improper denial of grievances does not violate the Constitution. Accordingly, the facts alleged by Concepcion about grievances do not give rise to a plausible basis for an independent constitutional claim. As Concepcion cannot cure the defects in his claims based on the handling of his grievances, they will be dismissed with prejudice.

      **B.    Retaliation**

Concepcion alleges that all the Defendants retaliated against him in various respects. To state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). A prisoner's filing of a lawsuit or grievance constitutes constitutionally protected conduct. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016); *Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *See Watson*, 834 F.3d at 422.

Concepcion appears to be alleging that every Defendant named in his Complaint retaliated against him in some respect. He alleges that he filed several grievances, but he does

not describe those grievances in the allegations of his Complaint and the grievances attached to his Complain span various topics, many of which align with the myriad topics discussed in the Complaint, and cover a period of nearly four months. Concepcion also alleges that he filed a lawsuit, but he does not describe that lawsuit, although it is possible that this allegation relates to the case he filed with this Court in January. Beyond using the word "retaliation," which is simply a legal conclusion, Concepcion provides no facts linking the behavior of the Defendants to a retaliatory motive. Rather, he appears to be alleging that all of the underlying matters of which he complains — the denial of his grievances, exposure to COVID-19, initiation of disciplinary charges that led to a three-day limitation on showers and phone calls, denial of access to the courts in various respects, and the loss of his sneakers, all of which involved different Defendants at different times — stemmed from a generalized desire to retaliate against him for having generally complained about those matters. He does not allege with any specificity how any Defendant's given action is plausibly linked to that Defendant's intention to retaliate based on a particular grievance, grievances, or lawsuit Concepcion filed. Absent additional factual details that describe the grievances or lawsuits that led to the retaliation, when those items were filed, and how each allegedly adverse action relates to Concepcion's filing of those grievances or lawsuits, he has not stated a plausible retaliation claim against any of the Defendants. *See, e.g.*, *Hammonds v. Headman*, 645 F. App'x 149, 152 (3d Cir. 2016) (per curiam) ("[B]ecause Hammonds' conclusory allegations fail to raise the required inference of a causal link between his grievance and the filing of misconduct reports, he failed to state a retaliation claim."); *Thomas v. Brinich*, 579 F. App'x 60, 62 (3d Cir. 2014) (per curiam) ("Thomas' claims against Dr. Ahner consist of conclusory and somewhat cryptic allegations that Dr. Ahner took Thomas off medication, directed others to do the same, and ordered others to

create an extreme and stressful prison environment in retaliation for his 2001 lawsuit. The complaint lacks all detail as to the time, place, or manner surrounding the alleged deprivation and it is entirely unclear from the allegations what level of involvement, if any, Dr. Ahner had in Thomas' care"); *see also Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotations omitted)).

### C. Denial of Access to the Courts

Concepcion also generally alleges that certain Defendants denied him access to the courts. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' — that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

Concepcion alleges that certain Defendants denied him access to the Court by failing to provide him with forms or make copies of a complaint for him. However, Concepcion has not described the underlying claim or claims he sought to pursue in any particularity, so he has not adequately alleged that these Defendants prevented him from pursuing a non-frivolous claim by their actions, especially since Concepcion's submission indicates that he received form complaints and the public record shows that he filed a complaint that was received by this Court. *See, e.g.*, *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "they lost the opportunity to

pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (per curiam) (no denial of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants); *Williams v. Sec'y Pennsylvania Dep't of Corr.*, 566 F. App'x 113, 116 (3d Cir. 2014) (per curiam) ("Here, Williams alleged only that he was told he could not send mail without having sufficient funds. He has not alleged that he lost a claim because of the supposed denial, and therefore he has not made out an access-to-the-courts claim.").[8] Concepcion's claims against Defendant Ramos similarly fail because, although he alleges that her actions caused him to miss a videoconference with a New York state court that led to the denial of his motion, he has not described that motion or the underlying case with any particularity so as to support an inference that he lost a non-frivolous claim due to Ramos's actions. In sum, Concepcion's denial of access to the courts claims are not plausible as pled, and will be dismissed.

### D. Loss of Sneakers

Concepcion appears to be bringing a claim against Sgt. Kowol for the loss of his sneakers, which appear to have been confiscated from him when he was charged with a disciplinary violation. This claim based on the loss of property is best construed as a due process claim. However, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Furthermore, "an unauthorized intentional deprivation

---

[8] Concepcion also generally alleges that his "mail is being tampered with" (ECF No. 2 at 5), but he provides no facts in support of this allegation and does not indicate who, specifically, is tampering with his mail, so he has not stated a claim based on this allegation either.

of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The LCJ's grievance procedure and Pennsylvania Tort Claims Act provide sufficient remedies for intentional deprivations of property by state employees. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (explaining that prison's grievance program constituted sufficient post deprivation remedy for loss of boxes of legal material); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property by state officials); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy). Accordingly, Concepcion cannot state a due process claim against Sgt. Kowol based on the loss of his sneakers, and this claim will be dismissed with prejudice.

      **E.**      **Disciplinary Charge**

Concepcion appears to be alleging that his rights were violated when he was falsely charged with a disciplinary infraction. This is also best construed as a due process claim. The United States Court of Appeals for the Third Circuit has noted that, "[g]enerally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'" *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003-06 (7th Cir. 1999)). With respect to pretrial detainees, "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 . . . (1974)." *Id.*; *see also Stevenson v.*

*Carroll,* 495 F.3d 62, 70 (3d Cir. 2007). However, "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process," *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (per curiam), as "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports," *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (per curiam); *see also Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.").

Here, Concepcion alleges that he was falsely charged with a disciplinary infraction. However, Concepcion's own allegations reflect that he received a hearing on the false charge and that he prevailed at the hearing. (ECF No. 2 at 9.) Accordingly, Concepcion has not stated a due process violation based on the disciplinary charge. *See London v. Evans*, Civ. A. No. 19-559, 2019 WL 2648011, at *3 (D. Del. June 27, 2019) ("The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges."); *King v. Quigley*, Civ. A. No. 18-5312, 2019 WL 342710, at *2 (E.D. Pa. Jan. 25, 2019) (dismissing detainee's due process claims upon screening, where claims were based "solely on the basis that he believe[d] the misconducts issued against him were false" and detainee did not allege he was not provided applicable protections); *McDowell v. Deparlos*, Civ. A. No. 15-00487, 2017 WL 1158093, at *8-*9 (M.D. Pa. Feb. 2, 2017) (dismissing detainee's due process claim based on false misconduct report where detainee did not "allege that he was not provided with an explanation for his transfer to the SMU, nor that he was denied an opportunity to respond to the transfer, and he was held there in administrative

custody for only fifteen days before his disciplinary hearing occurred, not indefinitely"), *report and recommendation adopted*, 2017 WL 1134407 (M.D. Pa. Mar. 27, 2017).

### F. Denial of Showers

Concepcion alleges that he was denied a shower for three days, apparently after he was falsely charged with the disciplinary infraction. As Concepcion was a pretrial detainee at the time of relevant events, the Fourteenth Amendment applies to his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). "Unconstitutional punishment [under the Fourteenth Amendment] typically includes both objective and subjective components." *Stevenson*, 495 F.3d at 68. "[T]he objective component requires an inquiry into whether 'the deprivation [was] sufficiently serious" and the subjective component asks whether 'the officials act[ed] with a sufficiently culpable state of mind[.]'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To satisfy the subjective component, a detainee generally must allege that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson*, 501 U.S. at 298-99; *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

The denial of a shower for three days does not constitute the type of serious deprivation that amounts to a constitutional violation. *See, e.g., Fortune v. Hamberger*, 379 F. App'x 116,

122 (3d Cir. 2010) ("Fortune complained of his inability to adequately shower and exercise for a period of fifteen days. Although it is not clear how many times Fortune believes that he should have been permitted to engage in those activities in addition to the time he was already given to do so, he does not allege that he suffered any harm as a result of the denial of additional showers and exercise."); *Coleman v. Hodges*, Civ. A. No. 18-1152, 2018 WL 6618459, at *8 (W.D. Pa. Nov. 30, 2018), *report and recommendation adopted*, 2018 WL 6618408 (W.D. Pa. Dec. 18, 2018) ("[B]eing denied a shower for four days does not constitute a serious enough deprivation of sufficient duration to establish a constitutional violation") (citing cases); *Platt v. Brockenborough*, 476 F. Supp. 2d 467, 471 (E.D. Pa. 2007) (plaintiff failed to state a constitutional claim based on allegations "that he was denied the means to maintain a clean cell, he was not permitted to shower regularly, and he was shackled everywhere he went"). Furthermore, Concepcion does not allege how the named Defendants were personally involved in this particular deprivation and, thus, he has failed to allege that any of them were deliberately indifferent to his health or safety. Accordingly, Concepcion has not stated a constitutional claim based on the denial of showers for three days.

    **G.**    **Phone Calls**

Concepcion also alleges that the denial of phone calls for three days violated his rights. He does not provide any details about who he intended to call during this three-day time period or what other means he could have used to communicate with those whom he sought to contact. Although prisoners may have a limited First Amendment right to communicate with family and friends, *see Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003), "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (per

curiam) (quoting *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994)). Given the brief time period that Concepcion was denied phone calls and the absence of any additional allegations about how that denial interfered with his ability to communicate, Concepcion has not stated a plausible claim. *See Aruanno v. Johnson*, 568 F. App'x 194, 195 (3d Cir. 2014) (*per curiam*) (conclusory allegations "concerning [prisoner's] lack of phone access to friends and family" failed to state a claim); *Sonsini v. Lebanon Cty.*, Civ. A. No. 20-00392, 2021 WL 602734, at *20 (M.D. Pa. Feb. 16, 2021) ("Such a one-time denial of a phone call without more does not violate the First Amendment.") (citing cases). Concepcion has also failed to allege how any of the named Defendants were involved in or responsible for this particular deprivation.

### H. Exposure to COVID

Concepcion also alleges that he was "deliberately exposed to COVID-19" when another inmate who had been in quarantine for a month was put in a cell with him. (ECF No. 2 at 5.) However, he does not allege facts supporting this allegation. For instance, he does not allege that the inmate placed in a cell with him had recently tested positive or who was showing symptoms of illness. Grievances attached to the Complaint indicate that at some point Concepcion tested positive for COVID-19, but those grievances still do not provide the Court with a clear understanding of how placement of this particular inmate in a cell with Concepcion could be understood to deliberately expose him to COVID-19. Furthermore, he does not allege who made the decisions about cell assignments and what the Defendant or Defendants knew at any given time such that one could plausibly infer that they "deliberately" exposed Concepcion to COVID-19. Because the factual contours of this claim are entirely unclear, the claim is not plausible. Accordingly, Concepcion has failed to state a claim against any of the Defendants based on this allegation.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Concepcion leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2(B)(ii).  All claims based on the handling of Concepcion's grievances and claims based on the loss of Concepcion's sneakers will be dismissed with prejudice, meaning that Concepcion may not reassert them in an amended complaint, because amendment of those claims would be futile.  Concepcion's remaining claims are dismissed without prejudice to amendment.  An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

s/ Michael M. Baylson

**MICHAEL M. BAYLSON, J.**